UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.: **CV 08-01197-PSG (MANx)**                Date: **December 30, 2008**

Title: **Valerie Whitlock v. City of Los Angeles**

===============================================================================
**DOCKET ENTRY RE:   Order Adopting First Amended Stipulation Re Confidential Documentation And Information**
===============================================================================

**PRESENT:        HONORABLE MARGARET A. NAGLE, U.S. MAGISTRATE JUDGE**

Earlene Carson                                                      N/A
Deputy Clerk                                                Tape No./Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**

None Present                                                    None Present

**PROCEEDINGS:**     (IN CHAMBERS)


Pursuant to the agreement of the parties, the Court ORDERS that the First Amended Stipulation Re Confidential Documentation And Information ("Stipulation"), filed on November 25, 2008, shall govern the dissemination and use of information, documents, and things designated as "confidential" by the parties.  In entering this Order, however, the Court expressly cautions the parties that, at a minimum, good cause must be demonstrated to warrant sealing of any portion of the court file and denying public access to court proceedings.  Indeed, in Pintos vs. Pacific Creditors Association, 504 F.3d 792, 802 (9th Cir. 2007), the Ninth Circuit made clear that while a "good cause" standard applies to the sealing of documents filed in connection with nondispositive motions, a more rigorous "compelling reasons" standard applies to a sealing request related to dispositive motions.  As stated by the Ninth Circuit, to seal documents or other materials related to a dispositive motion, the party seeking a sealing order "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id*.; citation omitted.

The parties' Stipulation, in and of itself, creates no entitlement to file documents or other things containing "confidential information" under seal.  Accordingly, reference to the parties' Stipulation and this Order or to the parties' designation of information, documents, or things as "confidential" is wholly insufficient to warrant filing under seal.  Good cause, if not compelling reasons, must be shown to support a request for filing under seal, and the parties' mere designation of information, documents, or things as "confidential" does not -- without the submission of evidence establishing the confidential nature of the information, documents, or things sought to be filed under seal -- establish good cause, let alone compelling reasons, for filing under seal.

**IT IS SO ORDERED.**

cc:        All Parties of Record